## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 08 2018, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Noah T. Williams
Monroe Co. Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alejandro Perez-Cortez, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | March 8, 2018 <br><br> Court of Appeals Case No. <br> 53A01-1710-CR-2407 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Marc Kellams, Judge <br><br> Trial Court Cause No. <br> 53C02-1611-F3-1001 |

**Brown, Judge.**

[1] Alejandro Perez-Cortez appeals his sentence for rape as a level 3 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On or about October 4, 2016, Perez-Cortez was at the home of S.M. and her husband and was friends with S.M.'s husband. While Perez-Cortez and S.M.'s husband drank together, S.M. went to her bedroom. At some point, Perez-Cortez entered the bedroom and, without wearing his pants or shoes, got into bed with S.M. and Perez-Cortez attempted to force his penis into S.M.'s anus.

[3] On November 22, 2016, the State charged Perez-Cortez with: Count I, rape as a level 3 felony,[1] and Count II, sexual battery as a level 6 felony.[2] The State and Perez-Cortez entered a plea and sentencing agreement pursuant to which he agreed to plead guilty to Count I, the State agreed to dismiss Count II, and the parties agreed that his sentence would not exceed five years. Perez-Cortez pled guilty as charged pursuant to the plea agreement.[3] Perez-Cortez stated, "I was drunk, but I never hurt her." Transcript at 10. He indicated that he was an

---

[1] Count I alleged Perez-Cortez "did knowingly or intentionally have other sexual conduct, that is: tried to force his penis into the anus of S.M. when such person was compelled by force and/or imminent threat of force." Appellant's Appendix Volume I at 11.

[2] Count II alleged Perez-Cortez, "with the intent to arouse or satisfy the sexual desires of himself, did compel S.M. to submit to a touching, that is: touched the vagina of S.M. with his fingers by the use of force or imminent threat of force." Appellant's Appendix Volume I at 11.

[3] The transcript indicates that Perez-Cortez does not speak English and provided his testimony through an interpreter.

undocumented immigrant. The prosecuting attorney argued that Perez-Cortez was not a good candidate for probation due to his immigration status, indicated he expected removal proceedings to begin, and requested a sentence of five years. Perez-Cortez's counsel argued that Perez-Cortez was relatively young, had no criminal history, pled guilty to the lead charge, did not deny what had occurred, told the police that he drank too much to remember what happened, and made no effort to flee during the weeks he could have done so, and he requested a sentence of three years. The court noted that the advisory sentence for a level 3 felony was nine years and stated, "[l]ooking at it that way, the plea agreement has already given him four years of mitigation." *Id*. at 18. It stated that it felt it appropriate that Perez-Cortez be given the five-year sentence that was the cap in the plea agreement and sentenced him to five years.

### *Discussion*

The issue is whether Perez-Cortez's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Perez-Cortez argues that S.M. did not report physical violence or brutality and was not physically injured, that once she ordered him to leave he did so and he accidentally leaving his shoes behind, and that he made no threats and used no

weapons during the brief encounter. He argues that he has no criminal history, scored low in all but two domains using the Indiana risk assessment system tool, pled guilty to the lead charge and accepted responsibility for his actions, promptly reported to the police station for an interview, and did not flee during the several weeks leading up to being charged.

[6] The State maintains that Perez-Cortez received a sentence which is four years less than the advisory sentence and two years above the minimum sentence and that his sentence is hardly a harsh one for attempting to anally rape his friend's wife. It contends that, while this is his first known conviction, Perez-Cortez has not lived a law-abiding life as he entered the country illegally.

[7] A person who commits a level 3 felony shall be imprisoned for a fixed term of between three years and sixteen years with the advisory sentence being nine years. Ind. Code § 35-50-2-5. The court sentenced Perez-Cortez to five years, which was the maximum sentence permitted under the plea and sentencing agreement.

[8] Our review of the nature of the offense reveals that Perez-Cortez consumed alcohol at the home of S.M. and her husband and, at some point after S.M. went to bed, Perez-Cortez entered the bedroom, got into the bed without his pants or shoes on, and attempted to force his penis into S.M.'s anus.

[9] Our review of the character of the offender reveals that Perez-Cortez pled guilty to rape as a level 3 felony as charged under Count I and the State dismissed Count II pursuant to the plea and sentencing agreement. Perez-Cortez was

born on July 8, 1991. The presentence investigation report ("PSI") does not include any legal history for Perez-Cortez prior to the instant offense. While he stated at sentencing that he had been in the United States for two years and three months, the PSI indicates that he reported that he illegally immigrated to the United States approximately six months before his arrest. The PSI indicates that he recalled he made weekly payments as well as performed unspecified odd jobs for a human smuggler who eventually provided him transport from Mexico City to Bloomington and that he knew others living in the area who helped him obtain a job at a local restaurant. He further reported he has two children who continue to live in Mexico with their mother, he maintains frequent contact with them, he sends money to them when he is able to do so, and he does not make enough money through his job to send substantial amounts to his children or his mother and typically earns only enough to pay for his own local living expenses. He reported that, prior to his arrest, he worked as a cook and was typically scheduled to work as many as thirty hours per week. He reported that he previously consumed alcohol and smoked marijuana, he probably consumed alcohol once every three to four weeks, his last use of marijuana was eight months before his interview, and he smoked marijuana no more than three to four times in total. The PSI indicates that Perez-Cortez scored in the low category in five domains of the Indiana risk assessment system tool and moderate in the domain of education, employment, and financial situation and the domain of substance abuse. It also indicates that his overall risk assessment score places him in the high risk to reoffend category.

After due consideration, we conclude that Perez-Cortez has not sustained his burden of establishing that his five-year sentence for rape as a level 3 felony is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

For the foregoing reasons, we affirm Perez-Cortez's sentence.

Affirmed.

Baker, J., and Riley, J., concur.